James J. Crisona, J.
Motion by plaintiff for an order striking out all defenses and dismissing all counterclaims contained in the answer on the ground that the defenses are insufficient and that the counterclaims do not state facts sufficient to constitute a cause of action.
Plaintiff brought this action against the executor, distributees and legatees of one Viktoria Henap, deceased, for cancellation or reformation of a deed which he executed and delivered to said decedent. Plaintiff contends that he intended to convey to the decedent an undivided one-half interest in certain real property only in the event that she survived him; that if she predeceased him, the estate granted was to revert to him.
The defendant executor has interposed three affirmative defenses and counterclaims. In the first defense and counterclaim, defendant alleges that for a period of 10 years, decedent rendered services as a domestic, that plaintiff never paid her for such services and that the fair and reasonable value of such services was $40 per week. It is not alleged, however, that such services were rendered, at plaintiff’s request. As presently pleaded, the first defence and counterclaim is insufficient.
As a second defense and counterclaim, defendant alleges that prior to January 28, 1957, the decedent maintained savings accounts in a savings and loan association, that without decedent’s consent or approval, the accounts were transferred to the joint names of plaintiff and decedent and that the balance in said accounts, amounting to about $15,000, has now passed to the plaintiff. It is not alleged how this transfer, without decedent’'s consent, was accomplished — whether iby: fraud or *973 forgery or some either means. In his brief, defendant urges that the allegation of lack of consent implies a failure to understand the consequences of changing an individual account to a joint account and that decedent’s consent “could have been procured by any number of means ”. Plaintiff is entitled to a more definite allegation of exactly what defendant is claiming. As presently pleaded, this defense and counterclaim is likewise insufficient.
As a third defense and counterclaim, defendant alleges that during the lifetime of the decedent, plaintiff and decedent 1‘ co-mingled ’ ’ their moneys, personalty, funds and savings accounts and that plaintiff exercised dominion over them, and that by reason thereof, there is money due to the decedent for which defendant demands an accounting. This defense and counterclaim is likewise insufficient since such “ co-mingling ”, if intentional and voluntary, may have accorded with the decedent’s wishes and with the intent to create a joint account with all the implications that arise therefrom. Moreover, the word “ co-mingle ” has no such rigid meaning in law as to advise plaintiff just what defendant’s claim is and such is the purpose of a pleading.
The motion is granted in its entirety with leave to the defendant to serve an amended answer within 10 days after service of a copy of the order hereon. Settle order.